895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Sanford BURNETTE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5685.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's dismissal of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Burnette pleaded guilty to conspiracy to sell and dispose of a tractor trailer load of stolen apple products in violation of 18 U.S.C. Secs. 371 and 2315; he also pleaded guilty to aiding and abetting the sale of the stolen apple products in violation of 18 U.S.C. Secs. 2 and 2315. He was sentenced to six years imprisonment on the substantive charge, followed by a five year probationary term on the conspiracy charge. The six year sentence was later reduced to four years when the district court granted a Fed.R.Crim.P. 35 motion.
 
 
 4
 Seeking to set aside his guilty plea and sentence in the underlying case, Burnette filed the instant motion arguing that: 1) he was illegally sentenced under an invalid indictment; 2) his right to due process of law was violated; 3) the provisions of Fed.R.Crim.P. 11 were violated; and 4) his guilty plea was not a knowing and intelligent act.
 
 
 5
 The district court denied the motion finding that the deputy clerk did in fact correctly read counts one and two of the superseding indictment at the rearraignment hearing and that petitioner was sentenced under a valid indictment. The court further found that Burnette's guilty plea was a knowing, intelligent, and voluntary act. Petitioner disagrees with the district court's findings and brings this appeal.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated by the court in its memorandum opinion dated May 2, 1989.
 
 
 7
 We also note that Burnette's claims on appeal are likewise without merit. First, Fed.R.App.P. 10(e) provides that "[i]f any differences arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." See also United States v. Mori, 444 F.2d 240, 246 (5th Cir.), cert. denied, 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971). Moreover, Fed.R.Crim.P. 36 provides that "errors in the record arising from oversight or omission may be corrected by the court at any time...." See also United States v. Vecchiarello, 536 F.2d 420, 425 (D.C.Cir.1976). Thus, the district court was within its power to correct the error made in the record to reflect the accurate indictment under which Burnette was sentenced.
 
 
 8
 Second, Burnette's guilty plea was entered into knowingly, intelligently, and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir.), cert. denied, 467 U.S. 1245 (1984). Burnette was informed of the maximum possible penalty, his rights to a jury trial and to cross-examine witnesses, and of his privilege against self-incrimination. Burnette's valid guilty plea may not be set aside merely because of a mistake or inadvertence contained in the record which the district court, under its powers, properly corrected.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation